820 F.2d 1225
 1987-1 Trade Cases 67,624
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 L.B. CLEVELAND, INC. and Famous Enterprises, Inc.,
Plaintiffs-Appellants,
v.
Leonard Bluestone; E.J. Trocchio; Richard A. Bluestone:
Frederick Steffens; Steven Boukis; Nelson Strimple;
Galv-Tec Company; Galvco, Inc.; and 2363 East 9th Street
Company, Defendants-Appellees.
 
 No. 86-3680.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1987.
 Before KENNEDY, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, a holding company (Famous Enterprises), and its wholly owned subsidicary, L.B. Cleveland, Inc., a manufacturing company ("LBC"), design and fabricate sheet metal into various end products. Defendants are former key management officials of LBC and two corporate defendants, Galv-Tec and Galvco, Inc., allegedly formed to compete against LBC in the sheet metal manufacturing business. The third corporate defendant, East 69th Street Company, is a partnership that owns the land upon which LBC's main plant has been located for many years, controlled by individual defendants.
 
 
 2
 The former owners of LBC stock are the three named individual defendants who sold the stock to Famous Enterprises, Inc. ("Famous"), and they are alleged to have started competing enterprises, and are also charged with attempting to charge plaintiffs with exorbitant rent in order to drive LBC out of business.
 
 
 3
 The plaintiffs have filed a similar complaint alleging causes of action for: violation of section 1 of the Sherman Act, violation of section 2 of the Sherman Act, breach of fiduciary duty (pendent claim), and conversion of trade secrets and business property (pendent claim). The plaintiffs requested preliminary and permanent injunctions to restrain defendants from competing with LBC and using LBC's trade secrets, and seeking return of customer lists and other property, money damages, compensatory and punitive, and treble damages for antitrust violations. The defendants filed motions to dismiss under Rule 12(b)(6) as to the federal claims and for lack of subject matter jurisdiction as to the pendent claims.
 
 
 4
 The plaintiffs voluntarily dismissed their state law claims. The district court then summarized its reasons for granting defendants' motion:
 
 
 5
 "T]he Court finds the complaint to be insufficient to allege a cause of action under the federal antitrust laws as plaintiffs have not convinced this Court that the challenged conduct threatens "competition" in the market place as opposed to one competitor.... Plaintiffs' complaint, at best, raises causes of action under state law and/or common law. Since federal antitrust laws do not afford remedies for all torts committed against persons involved in interstate commerce, ... plaintiffs' federal claims must be dismissed for failure to state a cause of action justiciable by this Court.
 
 
 6
 The plaintiffs have alleged that "the defendants and co-conspirators have engaged in a continuing combination and conspiracy in unreasonable restraint of interstate trade and commerce in the manufacture of galvanized steel products in violation of Sec. 1 of the Sherman Act...." They also allege a violation of section 2 of the Sherman Act due to "their common scheme or combination to attempt to monopolize competition in the relevant market by forcing L.B. Cleveland out of business."
 
 
 7
 The circumstances involved, if plaintiffs can prove their allegations about defendants' conduct, may constitute a basis for pendent state claims originally stated by plaintiffs. Those issues, however, are no longer before us for our consideration or determination. Essentially here plaintiffs assert that they "developed a 'unique process' to galvanize very thin or light gauge metals" and that LBC is the only United States entity to utilize such a process which defendants are allegedly attempting to appropriate wrongfully. Plaintiff LBC would be, then, in the absence of defendant business entities, the only competitor using the "unique" galvanizing process. LBC complains that defendants are engaged in anticompetitive activity under the antitrust laws by attempting, but not through legitimate business methods, to become competitors. LBC alleges specifically that defendants "wrongfully used confidential and trade secret information of L.B. Cleveland and were therefore able to start a competing business without suffering the enormous development costs incurred by L.B. Cleveland in developing its business, especially concerning the [unique process]."
 
 
 8
 We agree with the conclusion of the district court that while plaintiffs may have some cause of action, they have not set out a cause of action for antitrust violations, nor have they demonstrated a restraint of trade within the meaning of the antitrust laws. Giving plaintiffs' allegations the benefit of favorable inferences, the conduct asserted on the part of defendants does not constitute violations of section 1 or section 2 of the Sherman Act.
 
 
 9
 For the reasons stated by the district court, we therefore AFFIRM the dismissal of the complaint.